O

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      LAREDO DIVISION

EDUARDO FARIAS AND JULIO      §
MENDEZ,                       §
                              §
        Plaintiffs,           §
                              §
VS.                           §   CIVIL ACTION NO. L-03-43
                              §
NORTH AMERICAN LOGISTIC CORP.,§
ET AL.,                       §
                              §
        Defendants.           §
```

                   **MEMORANDUM AND ORDER**

   The parties previously agreed to submit this case to arbitration, and the arbitrator awarded money damages to Plaintiffs. The Court granted Plaintiffs' motion to confirm the award and then signed a separate order of dismissal. Plaintiffs then moved to alter the dismissal order by substituting a final judgment for that order.  The Court granted the motion, and a final judgment was entered on April 17, 2006.  (Docket No. 102).

   On April 21, 2006, after the final judgment and after Plaintiffs attempted to collect their award, Defendants filed a Fed. R. Civ. P. 59(e) motion to vacate that judgment.  (Docket No. 107).  Plaintiffs challenged the motion, arguing that Defendants filed it beyond the ten-day time limit in Rule 59(e) and, that, regardless of timeliness, the arbitrator made no error

                              1

justifying relief.  Defendants' motion is now before the Court.

### I. Timeliness of Defendants' Rule 59(e) Motion

The Final Judgment, which is the subject of the motion, was entered April 17, 2006. The instant motion was filed four days later.  Plaintiffs insist, without any supporting authority, that the timeliness of the motion must be measured from the date of the earlier dismissal order.  Plaintiffs themselves requested that a new judgment be entered.  That judgment superceded and replaced the dismissal order. Instead of merely dismissing the case, the Final Judgment actually ordered payment of money to the Plaintiffs.  That instrument became the controlling document, ending the case, and Defendants' motion was filed within ten days.

### II. Validity of the Arbitrator's Award

Arbitration awards are subject to considerable deference. <u>Kergosien v. Ocean Energy, Inc.</u>, 390 F.3d 346, 349 (5th Cir. 2004).  District courts are permitted only very limited review. <u>See id.</u> at 353 (citing various Fifth Circuit cases).  The Federal Arbitration Act allows courts to vacate arbitration awards only in narrow circumstances, generally including corruption, misconduct, or ultra vires action. 9 U.S.C. § 10(a).  In addition, Fifth Circuit case law permits courts also to vacate

2

awards that are contrary to public policy or show a manifest disregard for the law. Kergosien, 390 F.3d at 355. However, awards should not be set aside merely because an arbitrator failed to correctly apply the law or made factual errors. See id. at 355-58. Requiring courts to re-open the arbitration record to second-guess the legal or factual accuracy of an award thwarts the national policy favoring arbitration. See, e.g., Legion Ins. Co. v. Insurance General Agency, Inc., 822 F.2d 541, 543-44 (5th Cir. 1987).

Here, Defendants seek reversal on the non-statutory ground that the arbitrator manifestly disregarded applicable law. Manifest disregard "means more than error or misunderstanding with respect to the law." Brabham v. A.G. Edwards & Sons, Inc., 376 F.3d 377, 381 (5th Cir. 2004) (quoting Prestige Ford v. Ford Dealer Computer Services, Inc., 324 F.3d 391, 395 (5th Cir. 2003)). Mere mistake of fact or application of correct law to mistaken facts is not enough. See Prestige Ford, 324 F.3d at 395.

In this Circuit, the "manifest disregard" test is a two-part inquiry: first, the court should ask whether "on the basis of the information available to the court it is not manifest that the arbitrators acted contrary to the applicable law," BRIDAS S.A.P.I.C. v. Gov't of Turkm., 345 F.3d 347, 363 (5th Cir. 2003); then, whether upholding the award would result in significant

injustice. Id. The first prong requires that the error have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator, and that the arbitrator appreciated the existence of a clearly governing principle but decided to ignore it. Id. The second prong of the test is a discretionary question for the court. See id.

Evaluation the Defendants' motion requires analysis of the Fair Labor Standards Act (FLSA), and specifically its overtime compensation scheme. The FLSA is the source of the general rule that employers pay overtime compensation of one-and-one-half times the regular hourly pay to non-exempt employees who have worked over 40 hours in one week. Singer v. City of Waco, 324 F.3d 813, 818 (5th Cir. 2003); see 29 U.S.C. § 207(a)(1). This calculation may be different in different situations, because employees work in different ways. Rules promulgated by the Secretary of Labor provide guidelines to determine the correct amount of overtime pay. See Dufrene v. Browning-Ferris, Inc., 207 F.3d 264, 267-68 (5th Cir. 2000). The overtime rate is based on an employee's regular rate of pay, whether that pay is at or above the statutory minimum wage. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 577-79 (1942)(emphasis added); Donovan v. Brown Equipment & Service Tools, Inc., 666 F.2d 148, 152 (5th Cir. 1982).

Under 29 C.F.R. § 778.107, "General standard for overtime pay," salaried employees not within the familiar white-collar exemption are paid overtime based on actual hours worked.  Their regular rate of pay is calculated by dividing the weekly salary by 40 hours.  Overtime pay is calculated by multiplying the regular pay rate by 1.5, and then multiplying the result by the number of hours worked over 40 each week. See 29 C.F.R. § 778.107; Blackmon v. Brookshire Grocery Co., 835 F.2d 1135, 1138-39 (5th Cir. 1988); see also Singer, 324 F.3d at 825 n.4.

However, 29 C.F.R. 778.114, "Fixed salary for fluctuating hours," provides an alternative method.  If an employee's hours vary from week to week but the employee is paid the same salary, and the employer and employee clearly agreed that the fixed salary is compensation for the actual hours worked rather than for 40 hours or some other fixed work period, the employer may use a fluctuating-hours calculation. See 29 C.F.R. § 778.114(b)(providing example calculations).  Under this method, the regular rate of pay is calculated by dividing the actual hours worked each workweek into the fixed salary. This could result in a different per-hour "wage" for each week, assuming different hours are worked in different weeks.  The overtime payment for each week is then determined by multiplying all hours

over 40 in the workweek by ½ the regular rate for that workweek. <u>Blackmon</u>, 835 F.2d at 1138-39.

According to Defendants, the arbitrator should have applied the § 778.114 fluctuating-hours calculation but instead applied the § 778.107 general rule.  Specifically, Defendants assert that because "Plaintiffs *unquestionably admitted* they were paid on a fixed salary regardless of the amount of hours worked . . . [and] this fact was undisputed, the Arbitrator had no discretion but to apply the formula provided by 29 CFR [§] 778.114." (Defs.' Mot. to Vacate, Docket No. 107 at 2) (emphasis added).  However, according to Plaintiffs, "there never were any such admissions." (Pls.' Resp., Docket No. 112 at 2). Plaintiffs contend that Defendants raised this argument at the arbitration, but failed to persuade the arbitrator. (Docket No. 112).

Neither party has provided a record from the arbitration. Defendants provide the weekly salary figures and overtime hours they say that the arbitrator used, but offer absolutely no support for their assertions from the arbitral record or elsewhere.  The award document does not indicate what figures the arbitrator used or which method he applied.  The Court cannot say, on the basis of this sketchy information, that the arbitrator clearly disregarded the law.  There may be reasons why he found the fluctuating-hour method under § 778.114

6

inapplicable. For example, he might have found that the parties never had the "clear mutual understanding" that § 778.114 requires. See § 778.114; Dufrene, 207 F.3d at 268. And, though Defendants call for the *fluctuating*-hours method, they assert that the arbitrator found that Plaintiffs worked the same number of overtime hours each week. The arbitrator may have determined that the fluctuating-hours method was inappropriate for employees who actually work a fixed number of hours.

As previously indicated, to second-guess the arbitrator and review his analysis of the facts is to perform the kind of searching review forbidden to courts. See, e.g., Legion Ins. Co., 822 F.2d at 541. Nor have Defendants shown that upholding the award will result in a significant injustice.

Defendants seek support for their position from the Court's memorandum of November 4, 2005. The parties requested that the Court determine whether the Plaintiffs were paid a fixed weekly salary, so that the parties could determine which regulation would apply. The Court made a tentative finding that Plaintiffs were paid on a fixed salary basis even though their weekly hours appeared to vary. (Docket No. 87). However, as the Court stated explicitly, the finding was tentative, and based only on the file materials available to the Court at the time. It was in no way

binding on the arbitrator, who presumably had the benefit of a more extensive factual record and arguments from the parties.

### III. Conclusion

Accordingly, Defendants' Motion to Vacate and Correct the Arbitration Award and Judgment (Docket No. 107) is DENIED.

DONE at Laredo, Texas, this 18th day of July, 2006.

_____
George P. Kazen
United States District Judge